# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-10769
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2026

Lyle W. Cayce
Clerk

James E. Sanders,

*Plaintiff—Appellant*,

*versus*

Kristen Gibson; Bryan D. Reitsma; Angela N. Davis;
Tina S. Vitolo; Marissa Bartholet,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:23-CV-9

———————————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

James Sanders, Texas prisoner # 1579328, noticed a late appeal after the district court entered a partial final judgment dismissing an equal-protection claim included in his pro se complaint. His untimely appeal forecloses our review, so it is DISMISSED for lack of jurisdiction.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10769

Sanders asks us to review the district court's dismissal of his equal-protection claim. For our appellate jurisdiction to attach, a civil litigant like Sanders must appeal within 30 days of a final judgment.[1] This deadline can be tolled upon the filing of a post-judgment motion listed in appellate Rule 4(a)(4)(A) if: (1) the motion is filed within 28 days of judgment, *and* (2) an appeal is noticed within 30 days of the motion's disposition.[2] But crucially, after a Rule 4(a)(4)(A) motion is denied, "a second one based on the same grounds will not further delay the appeal deadline."[3] That is, litigants cannot "stack" multiple post-judgment motions to successively toll the appeal deadline.

Unfortunately, Sanders's appeal would only be timely if he could stack the tolling effect of his post-judgment motions. On November 15, 2023, the district court entered the partial final judgment dismissing Sanders's equal-protection claim.[4] In response, Sanders timely filed his first post-judgment motion: a request for reconsideration under Federal Rule of Civil Procedure 59(e). As a qualifying Rule 4(a)(4)(A) motion, this first motion tolled the 30-day deadline for him to appeal the partial final judgment until the district court denied the motion on February 1, 2024.[5] At that point, the

---

[1] *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 386 (5th Cir. 1978) (stating Rule 4(a) time limits "are mandatory and jurisdictional").

[2] *See* Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e).

[3] *Edwards v. 4JLJ, L.L.C.*, 976 F.3d 463, 465 (5th Cir. 2020); *Wansor v. George Hantscho Co.*, Inc., 570 F.2d 1202, 1206 (5th Cir. 1978) ("A motion to reconsider an order disposing of a motion of the kind enumerated in Rule 4(a) does not again terminate the running of the time for appeal.").

[4] *See* Fed. R. Civ. P. 54(b).

[5] *See* Fed. R. App. P. 4(a)(4)(A)(iv).

No. 25-10769

30-day clock for Sanders to appeal the partial final judgment began to run and expired on March 4, 2024.[6]

But Sanders did not notice an appeal by this deadline. Instead, he filed a *second* motion for reconsideration on the same grounds on February 13, 2024, this time under Federal Rule of Civil Procedure 60(b).[7] That motion did "not again terminate the running of the time for appeal" because it was a successive post-judgment motion on the same grounds as his first.[8] Sanders finally noticed this appeal on June 12, 2025, which was 15 months too late for us to review the judgment dismissing his equal-protection claim.[9] Because we lack jurisdiction, the appeal is DISMISSED.

---

[6] *See Banister v. Davis*, 590 U.S. 504, 508 (2020).

[7] Sanders's Rule 60(b) motion does not evince an intent to appeal.

[8] *Wansor*, 570 F.2d at 1206.

[9] Sanders noticed this appeal shortly after the district judge denied his Rule 60(b) motion, so his appeal would have been timely as to that ruling. But he does challenge that ruling on appeal. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).